IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CAROLYN WATSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:22-CV-02314 |
| | ) |
| THE UNIVERSITY OF KANSAS, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant The University of Kansas, by and through counsel, denies each and every allegation not specifically admitted herein, and further answers as follows:

1. The allegations of paragraph 1 are denied.

2. Answering paragraph 2, Defendant admits that Carolyn Watson was an employee of Defendant from August 2018 until August 2022. Defendant denies that Plaintiff was constructively discharged. Defendant admits that Plaintiff held the position of Director of Orchestral Studies and that, when she resigned, she was a tenured Associate Professor in the School of Music.

3. The allegations of paragraph 3 are denied.

4. The allegations of paragraph 4 are denied as stated.

5. The allegations of paragraph 5 are denied.

6. Answering paragraph 6, Defendant admits that Carolyn Watson is female and that she had been employed by Defendant. Defendant is without knowledge or information as to the city of her current residence.

7. The allegations of paragraph of 7 are admitted.

8. Answering paragraph 8, Defendant admits that this Court has jurisdiction.

9. Answering paragraph 9, Defendant admits that venue is proper in this Court.

10. Answering paragraph 10, Defendant admits that Plaintiff filed a charge of discrimination against Defendant in the form attached as Exhibit A. Defendant denies that the charge of discrimination was timely as to all issues set forth in the charge.

11. The allegations of paragraph 11 are admitted.

12. Answering paragraph 12, this Defendant admits that the Amended Complaint was filed within 90 days of September 9, 2022. The remaining allegations are denied as stated.

13. Answering the allegations of paragraph 13, Defendant admits that Plaintiff is an orchestral conductor. The remaining allegations set forth conclusions and opinions and are therefore denied.

14. Answering paragraph 14, Defendant admits that Plaintiff served in the role of orchestral director and that she led an ensemble in the School of Music. The remaining allegations are denied as stated.

15. Answering paragraph 15, Defendant admits that Plaintiff joined the faculty of the School of Music for the fall semester of 2018. The remaining allegations are denied as stated.

16. Defendant is without knowledge or information sufficient to answer paragraph 16, and therefore the same is denied.

17. Defendant is without knowledge or information sufficient to answer paragraph 17 and therefore the same is denied.

18. The allegations of paragraph 18 are denied.

19. Answering paragraph 19, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, and the allegations are therefor denied.

20. Answering paragraph 20, Defendant admits that there were negotiations over her salary. The remaining allegations are denied as stated.

21. The allegations of paragraph 21 are denied as stated.

22. The allegations of paragraph 22 are denied.

23. The allegations of paragraph 23 are denied as stated.

24. The allegations of paragraph 24 are denied.

25. The allegations of paragraph 25 are denied as stated.

26. The allegations of paragraph 26 are denied as stated.

27. The allegations of paragraph 27 are denied as stated.

28. The allegations of paragraph 28 are denied.

29. The allegations of paragraph 29 are denied except that Plaintiff was invited to perform at the 2021 National Conference of the College Orchestra Directors Association.

30. The allegations of paragraph 30 are admitted.

31. The allegations of paragraph 31 are admitted.

32. The allegations of paragraph 32 are admitted.

33. Answering paragraph 33, Defendant admits that Plaintiff secured a donation for the orchestral program.

34. The allegations of paragraph 34 are denied except that Defendant admits that Plaintiff resigned her position.

35. The allegations of paragraph 35, and each subpart are denied.

36. The allegations of paragraph 36 are denied.

37. The allegations of paragraph 37 are denied.

38. The allegations of paragraph 38 are denied.

39. Answering paragraph 39, Defendant admits that it is an employer.

40. The allegations of paragraph 40 are denied.

41. The allegations of paragraph 41 are denied.

42. The allegations of paragraph 42 are denied.

43. The allegations of paragraph 43 are denied.

44. The allegations of paragraph 44 are denied.

45. The allegations of paragraph 45 are denied.

46. The allegations of paragraph 46 are admitted.

47. Answering paragraph 47, Defendant admits Plaintiff was an employee of the Defendant.

48. The allegations of paragraph 48 are admitted.

49. The allegations of paragraph 49 are denied.

50. The allegations of paragraph 50 are denied.

51. The allegations of paragraph 51 are denied.

52. The allegations of paragraph 52 are denied.

53. The allegations of paragraph 53 are denied.

54. The allegations of paragraph 54 are denied.

55. The allegations of paragraph 55 are denied.

56. The allegations of paragraph 56 are denied.

57. The allegations of paragraph 57 are admitted.

58. The allegations of paragraph 58 are admitted.

59. The allegations of paragraph 59 are admitted.

60. The allegations of paragraph 60 are denied.

61. The allegations of paragraph 61 are denied.

62. The allegations of paragraph 62 are denied.

63. The allegations of paragraph 63 are denied.

64. The allegations of paragraph 64 are denied.

65. The allegations of paragraph 65 are denied.

66. The allegations of paragraph 66 are denied.

67. The allegations of paragraph 67 are admitted.

68. The allegations of paragraph 68 set forth legal conclusions and not fact allegations. As such, no response is required.

69. The allegations of paragraph 69 set forth legal conclusions and not fact allegations. As such, no response is required.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state a claim for which relief can be granted.

2. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

3. Some or all of Plaintiff's claims are barred by her failure to exhaust administrative remedies or to comply with statutory or administrative prerequisites to suit.

4. Plaintiff's claims are limited to events allegedly occurring within 300 days of the filing of a charge with the EEOC and are limited to claims that were set forth in her administrative charge.

5. Plaintiff did not suffer a legally hostile work environment under Title VII.

6. The allegations complained of are neither severe nor pervasive and do not constitute unlawful discrimination, hostile work environment, or retaliation.

7. Plaintiff did not suffer any adverse employment action.

8. Some or all of Plaintiff's claims are barred or limited by waiver, estoppel, unclean hands, unjust enrichment, payment, acquiescence, fraud, setoff, accord, and/or satisfaction.

9. Defendant exercised reasonable care to prevent and promptly correct any alleged discriminatory behavior and cannot be held liable for any alleged harassment or hostile work environment.

10. Plaintiff unreasonably failed to take advantage of Defendant's preventative or corrective measures, and Defendant cannot be held liable for any alleged harassment or hostile work environment.

11. Defendant did not have actual or constructive knowledge of any allegedly hostile work environment.

12. No impermissible factors played any role in any employment decisions or treatment of Plaintiff. Specifically, sex and any alleged protected conduct did not play any role in any employment decisions or treatment of Plaintiff.

13. Plaintiff did not engage in protected activity under Title VII, the Equal Pay Act, or any other law.

14. Plaintiff was not paid unequal pay as compared to male counterparts, nor was she denied benefits that male counterparts were allowed.

15. Plaintiff's role was not substantially equal to the role held by other University employees or predecessor or successor employees.

16. Any compensation differential between Plaintiff and other employees was based on lawful factors other than sex or any other protected conduct or category.

17. The employment actions taken with respect to Plaintiff, including but not limited to her compensation, were based solely upon legitimate, non-discriminatory, non-retaliatory factors other than sex or any other protected conduct or category, and to the extent Plaintiff claims to the contrary (which Defendant denies), the same actions would have occurred regardless of Plaintiff's sex or other alleged protected conduct.

18. Plaintiff failed to act with reasonable care to take advantage of the employer's safeguards and otherwise prevent harm that could be avoided.

19. Defendant acted with reasonable care to prevent or correct any discriminatory behavior.

20. Defendant did not engage in intentional, willful, or wanton discrimination or retaliation with malice or with reckless indifference with respect to Plaintiff, and it is therefore not liable for actual, compensatory, punitive, or liquidated damages.

21. Plaintiff failed to plead facts that would support a claim for or recovery of compensatory or punitive damages.

22. Plaintiff's claims may be attributable in whole or in part to other persons, entities, circumstances, and/or conditions over which Defendant has no control and for which Defendant is neither responsible nor liable to Plaintiff.

23. The entitlement to any relief, which otherwise may be held by the Court or the jury to be due in this case to Plaintiff, may be limited by the after-acquired evidence doctrine.

24. Plaintiff failed to comply with her duty to mitigate alleged losses; alternatively, any claims for relief for lost earnings and/or benefits must be set off and/or reduced by wages, compensation, pay and benefits, or other earnings or remunerations, profits, and benefits received.

25. Plaintiff's damages, if any, are not of the nature or extent alleged.

26. Plaintiff's claims for damages are barred to the extent they are speculative in nature.

27. Plaintiff cannot obtain duplicative recovery under her claims for relief.

28. Plaintiff was not constructively discharged.

29. There is no causal connection between Plaintiff's alleged protected activity, if any, and her voluntary resignation.

30. Defendant reserves the right to amend their affirmative defenses as they may become known during the course of discovery.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment in its favor and against on all issues, for its attorneys' fees and costs, and for such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant requests a trial by jury on all issues that may be properly submitted to a jury.

## DESIGNATION OF PLACE OF TRIAL

Defendant designates Kansas City, Kansas as the place of trial in the event that a trial is necessary.

Respectfully submitted,

FOULSTON SIEFKIN LLP

By: */s/ Anthony F. Rupp*
    Anthony F. Rupp, KS #11590
    Tara Eberline, KS #22576
    Sarah E. Stula, KS #27156
    7500 College Boulevard, Suite 1400
    Overland Park, Kansas 66210
    (913) 498-2100
    (913) 498-2101 (fax)
    trupp@foulston.com
    teberline@foulston.com
    sstula@foulston.com

ATTORNEYS FOR DEFENDANT
THE UNIVERSITY OF KANSAS

## CERTIFICATE OF SERVICE

I certify that on the 10th day of January 2023, the foregoing was electronically filed with the Clerk of the Court by using the Court's e-Filing system which will send notification of electronic filing to counsel for all parties of record, and a true and correct copy was served by electronic mail upon:

    Mark V. Dugan
    Heather J. Schlozman
    DUGAN SCHLOZMAN LLC
    Email: mark@duganschlozman.com
    Email: heather@duganschlozman.com

    ATTORNEYS FOR PLAINTIFF

    */s/Anthony F. Rupp*

9